UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL GREEN,

       Petitioner,

v.                                       CASE NO. 2:06-cv-12410
                                          HONORABLE NANCY G. EDMUNDS

H. J. MARBERRY,

       Respondent.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Petitioner Carl Green is an inmate at the Federal Correctional Institution in Milan, Michigan. He has been convicted of a narcotics offense in the United States District Court for the Northern District of Ohio.

Currently pending before the Court is Petitioner's *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241. The habeas petition alleges that, while incarcerated, Petitioner possibly saved the life of a staff member and, on another occasion, located a small cache of homemade weapons, which he reported to prison officials. Petitioner contends that his conduct in these two instances merits consideration by the Federal Bureau of Prisons ("the Bureau" or "the BOP"). Petitioner wants the Bureau to notify the sentencing court of his exemplary prison conduct and to request a reduction in his sentence.

### II. Discussion

### A.  A Federal Prisoner's Challenge to his Sentence

Underlying Petitioner's request to have the Bureau contact the sentencing court is a claim that Petitioner was erroneously sentenced as a career offender.  Petitioner asserts that his two prior offenses were related and that his sentence should have been fifteen to twenty years lower than it is.

The primary remedy for federal prisoners who are protesting the legality of their sentences is to file a motion to vacate sentence under 28 U.S.C. § 2255.  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Section "2241 is appropriate for claims challenging the execution or manner in which the sentence is served."  *Id*.  A prisoner may challenge the validity of his federal conviction or sentence by some means other than a motion under § 2255 only if "the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 ¶ 5.

Petitioner implies that he has no other remedy for contesting his sentence, because he already filed one motion under § 2255 and he has made two unsuccessful attempts at seeking authorization to file another motion under § 2255.  The remedy under § 2255, however, is not considered "inadequate or ineffective" simply because (1) a previous motion under § 2255 was denied, (2) the petitioner is procedurally barred from pursuing relief under § 2255, (3) the petitioner was denied permission to file a second or successive motion under § 2255, or (4) the one-year statute of limitations has expired.  *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999); *see also Peterman*, 249 F.3d at 461 (stating that the unavailability of § 2255 relief does not establish inadequacy or ineffectiveness under the savings clause of § 2255).  Thus, Petitioner's challenge to the length of his sentence is not cognizable under § 2241.

### B. The Merits of Petitioner's Claims

The Court is unable to grant relief for the following additional reason.  Petitioner relies on 18 U.S.C. § 3582, which reads in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>
> **(1)** in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

The Bureau generally interprets the phrase "extraordinary and compelling" to apply only to inmates who have been diagnosed with a serious and terminal medical condition.  *United States v. Maldonado*, 138 F. Supp.2d 328, 333 (E.D. N.Y. 2001).

> [T]his interpretation of 'extraordinary and compelling' is reasonable, because it limits the number of people eligible for compassionate release to those cases that are truly extraordinary and that may be decided on an objective basis.  Moreover, the BOP's interpretation is still broad enough for it to apply to the rare defendant whose circumstances do not match the BOP's traditional definition of 'extraordinary and compelling,' but whom the BOP nonetheless determines is deserving of a compassionate release.

*Id*.

Petitioner, like Edwin Maldonado, is seeking a modification of his sentence on the basis of exemplary institutional behavior. He has no constitutional or inherent right to be released before the expiration of a valid sentence, *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), and he does not fall within the category of inmates that the Bureau has determined is deserving of compassionate release. Furthermore, because the Bureau's interpretation of the statute is reasonable, Petitioner has failed to state a cause of action under § 3582(c)(1)(A)(i). *Maldonado*, 138 F. Supp. 2d at 333. Accordingly, the habeas petition is summarily dismissed pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager