UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CARL GREEN,

        Petitioner,

v.                                   CASE NO. 2:06-cv-12410
                                      HONORABLE NANCY G. EDMUNDS

H. J. MARBERRY,

        Respondent.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

        Petitioner Carl Green is a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan. On May 30, 2006, Petitioner filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241. He alleged that, while incarcerated, he may have saved the life of a staff member and, on another occasion, he alerted prison officials to a small cache of homemade weapons that he found. He argued that his conduct warranted consideration by the Federal Bureau of Prisons. He sought to have the Court order the Bureau of Prisons to reduce his sentence on the basis of his exemplary conduct. The Court summarily dismissed the habeas petition on the ground that the statutory provision on which Petitioner relied, 18 U.S.C. § 3582(c)(1)(A)(i), generally permitted early release only to inmates who had been diagnosed with a serious and terminal medical condition. The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision on September 12, 2007.

        Currently pending before the Court is Petitioner's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(5) and (6). Petitioner alleges that a recent

amendment to a policy statement interpreting § 3582 now permits a reduction in sentence for reasons other than a medical problem. In light of this amendment, Petitioner wants the Court to vacate its prior judgment and direct the Government to answer his motion.

Federal prisoners are required to exhaust administrative remedies for their claims before filing a habeas corpus petition under 28 U.S.C. § 2241. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Exhaustion of administrative remedies "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

The Bureau of Prisons maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). The administrative procedures require prisoners to submit a request for administrative remedy to the warden of the prison, to the regional director for the Bureau of Prisons, and to General Counsel for the Bureau. *See* 28 C.F.R. §§ 542.13-15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *See Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner has not demonstrated that he exhausted administrative remedies for his new claim. Accordingly, his motion for relief from judgment under Rule 60(b) [Doc. 14, Dec. 3, 2007] is DENIED without prejudice.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: May 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2008, by electronic and/or ordinary mail.

                                    s/Carol A. Hemeyer
                                    Case Manager