UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CARL GREEN,

        Petitioner,

v.                                          CASE NO. 06-cv-12410
                                          HONORABLE NANCY G. EDMUNDS

H. J. MARBERRY,

        Respondent.
_____/

**ORDER**
**(1) GRANTING PETITIONER'S MOTION**
**FOR LEAVE TO SUBMIT AN ADDITIONAL EXHIBIT,**
**(2) DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT,**
**(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND**
**(4) DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

### I. Introduction

Petitioner Carl Green is an inmate at the Federal Correctional Institution in Milan, Michigan. Petitioner initiated this action in 2006 by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2241. He sought to have the Court order the Federal Bureau of Prisons to reduce his sentence on the basis of his involvement in two incidents that occurred while he was incarcerated. He alleged that, on one occasion, he may have saved the life of a prison official and, on another occasion, he notified prison officials about some weapons that he found hidden behind a tool shed. The Court summarily dismissed the habeas petition because the "compassionate release" statute on which Petitioner relied (18 U.S.C. § 3582(c)(1)(A)(i)), generally permits early release only to inmates who have been diagnosed with a serious and terminal medical condition.

Petitioner subsequently filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). He alleged that a recent amendment to the commentary for the Sentencing Guidelines now authorizes a reduction in sentence for reasons other than a medical problem. The Court denied Petitioner's motion without prejudice because Petitioner had not exhausted administrative remedies for his new claim. Petitioner subsequently pursued administrative remedies without success and now once again seeks relief from judgment pursuant to Rule 60(b). Also pending before the Court is Petitioner's motion for leave to submit an additional exhibit in support of his Rule 60(b) motion.

The motion for leave to submit an additional exhibit [Dkt. #18, filed June 16, 2010] is **GRANTED**. However, the motion for relief from judgment [Dkt. #17, filed Mar. 9, 2010] is **DENIED** for the reasons given below.

## II. Discussion

Federal Rule of Civil Procedure 60(b) authorizes District Courts to grant relief from a judgment or order for a number of reasons including "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "This provision confers upon the district court a broad equitable power to 'do justice.'" *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010).

Petitioner seeks to have the Court vacate its Opinion and Judgment dismissing his habeas petition and then direct the Federal Bureau of Prisons to reduce his sentence. Petitioner contends that his exemplary conduct in prison (saving a person's life and notifying prison officials of homemade weapons) justifies a reduction in sentence. Petitioner relies on 18 U.S.C. § 3582, which reads in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--

2

> **(1)** in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

The Court dismissed Petitioner's habeas petition in part because the phrase "extraordinary and compelling" generally applies only to inmates who had been diagnosed with a serious and terminal medical condition. *United States v. Maldonado*, 138 F. Supp. 2d 328, 333 (E.D. N.Y. 2001). Petitioner alleges that an amendment to the commentary for the United States Sentencing Guidelines now allows for a reduction in sentence for reasons other than a medical reason. While this may be true, a federal court may not grant early release under § 3582 unless the Bureau of Prisons moves for a reduction in sentence. *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001); *Reyes-Cabrera*, 587 F. Supp. 2d 291, 295 (D. Me. 2008). The Bureau of Prisons has not requested a reduction in Petitioner's sentence, and "the statute does not does not provide a basis for the court to compel the Director to consider filing such a motion." *Taylor v. Hawk-Sawyer*, 39 F. App'x 615, 615 (C.A. D.C. 2002) (citing *Lopez v. Davis*, 531 U.S. 230, 241-42 (2001)). This is true

even when the petitioner helped to save the life of a correctional officer. *See id*.

Even if Petitioner were successful in getting the Bureau of Prisons to move for a reduction in his sentence, jurisdiction rests with the sentencing court. *Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003). Petitioner was sentenced in the Northern District of Ohio. Thus, this Court has no jurisdiction to consider a motion for reduction in his sentence.

Furthermore, the Bureau of Prisons has considerable discretion when determining whether "extraordinary and compelling" circumstances exist and whether their existence warrants a sentence reduction. *Defeo v. Lapin*, No. 08 Civ. 7513, 2009 WL 1788056, at *4-5 (S.D. N.Y. June 22, 2009) (unpublished). "[T]he Director [of the Bureau of Prisons] has no duty to move for a sentence reduction under any circumstances." *Id*. at *5. His or her "ability to seek a sentencing reduction is 'a power, not a duty.'" *Id*. In fact, some courts have determined that the Bureau's decision whether to file a motion for a sentence reduction based on compassionate release is so broad that the decision is not judicially reviewable. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991) (interpreting the statutory predecessor to § 3582(c)(1)(A)); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990) (same); *Turner v. United States Parole Comm'n*, 810 F.2d 612, 618 (7th Cir. 1987) (same).

For all the reasons given above, the Court concludes that Petitioner is not entitled to relief from judgment. Consequently, his Rule 60(b) motion for relief from judgment [Dkt. #17, Mar. 9, 2010] is **DENIED**. The Court **DECLINES** to issue a certificate of appealability or leave to appeal *in forma pauperis* should Petitioner decide to appeal this decision.

s/Nancy G. Edmunds
						Nancy G. Edmunds
						United States District Judge

Dated:  July 6, 2010


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 6, 2010, by electronic and/or ordinary mail.

						s/Carol A. Hemeyer
						Case Manager